**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MAURICE A. COBB, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:12-CV-349 (MTT) |
| Chief Jailer NIELSON, | : | |
| Respondent. | : | **O R D E R** |

Petitioner **MAURICE A. COBB**, while confined at the Bibb County Law Enforcement Center ("BCLEC"), filed an application for writ of habeas corpus on a form designated for the Superior Court of Bibb County. Petitioner's cover letter to this Court indicates that this form was the only habeas form available to Petitioner at the BCLEC (Doc. 1-1). In an August 30, 2012 referral Order, the Court ordered that this case be referred to the United States Magistrate Judge (Doc. 2). That Order was mailed to Petitioner at the BCLEC and was subsequently returned to the Court as undeliverable (Doc. 4). According to the Georgia Department of Corrections' website, Petitioner is now confined in state prison, at the Georgia Diagnostic and Classification Prison ("GD&CP").

Petitioner is apparently challenging his recent conviction and sentence, in the Superior Court of Bibb County, for armed robbery and aggravated assault. Among other allegations, Petitioner complains that he was denied counsel during his interrogation in violation of the Sixth Amendment; that he was denied bond; that the

evidence was insufficient to support a conviction; and that he received ineffective assistance of counsel. Petitioner indicates that he has not filed a direct appeal of his conviction or a state habeas corpus action.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. **See Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under section 2241 as well as section 2254); **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner has not exhausted the available state remedies "if he has the right under the law of the State to raise, by any available procedure," the claims presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

**Mason v. Allen**, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); **see also O'Sullivan v. Boerckel**, 526 U.S. 838, 845 (1999).

It is clear from the face of the petition that Petitioner has not exhausted the state

remedies available to him. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1] Petitioner may refile his federal habeas petition after he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." A COA may issue only if the applicant makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." ***See Slack v. McDaniel***, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

The Clerk's Office is directed to mail a copy of this Order to Petitioner, GDC #

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of a habeas corpus petition and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. ***See McFarland v. Scott***, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

1000860493, at GD&CP.

**SO ORDERED**, this 6th day of September, 2012.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT